IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| IN RE: ESTATE OF<br>MARY VIVIAN BEKEMANS, | CV 14-00028-BLG-SPW-CSO<br><br>ORDER OF REMAND |

This matter comes before the Court on a "Motion for Removal from Montana Sixth Judicial District Court to United States District Court, Billings." (Doc. 1). The motion has been construed as a Notice of Removal pursuant to 28 U.S.C. § 1441. Ms. Bekemans has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2), a Motion to Stay (Doc. 3), a Motion for Hearing (Doc. 4), a Motion for Discovery (Doc. 5), and a Motion to Recuse the state court judge (Doc. 6).

There is a myriad of procedural deficiencies with the Notice of Removal (Doc. 1). First, it does not provide a statement of the grounds of removal and does not provide a copy of all process, pleadings, and orders served on the defendant or defendants in the state court action as required by 28 U.S.C. § 1446(a). In light of these deficiencies, it is impossible to determine if the Notice was timely filed. In addition, it is not clear from the filings if the Notice has been filed in state court or served upon opposing counsel as required by 28 U.S.C. § 1446(d).

Regardless of the procedural deficiencies with the Notice, this matter must be remanded to state court as there is no basis for federal jurisdiction. Strict construal of the remand statutes means that any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal means that the defendant always has the burden of establishing that removal is proper."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

The federal statute governing removal of civil actions, 28 U.S.C. § 1441(a), provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Original jurisdiction may be based on the existence of a federal question or complete diversity of the parties, as set forth in 28 U.S.C. §§ 1331 and 1332.

Ms. Bekemans' "Motion for Removal" asks that probate case # DP 14-08 be removed to federal court. Ms. Bekemans is contesting the probate of her mother's

will in Park County District Court. "[A] federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946)). The probate exception is a narrow exception to federal jurisdiction that "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12, (2006): *see also Markham v. Allen*, 326 U.S. 490, 494 (1946). This appears to be exactly what Ms. Bekemans is asking the Court to do. Therefore, the probate exception to federal jurisdiction applies, there is no basis for subject matter jurisdiction, and the case must be remanded to state court.

IT IS HEREBY ORDERED that:

1. This matter is remanded to the Montana Sixth Judicial District Court, Park County.

2. Ms. Bekemans' Motion for Leave to Proceed in Forma Pauperis (Doc. 2); Motion to Stay (Doc. 3); Motion for Investigative and Expert Services and for Hearing (Doc. 4); Motion for Discovery (Dos. 5); and Motion for Recusal of Judge Gilbert (Doc. 6) are DENIED as MOOT.

3. The Clerk of Court is directed to send a certified copy of this Order of Remand to the Clerk of Court for Park County, Montana.

4. The Clerk of Court is directed to send a copy of this Order to Rebecca Swandal, 127 South C Street, Livingston, MT 59047.

DATED this 10th day of March, 2014.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

4